UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ONTARIO MAJOR JUNIOR HOCKEY CORP.** <br> 11230-11- Street <br> Edmonton, Alberta, Canada T5G 3H7, <br><br> Plaintiff, <br><br> v. <br><br> **ERIE HOCKEY CLUB LIMITED** <br> 809 French Street <br> Erie, Pennsylvania 16501, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | ~~CIVIL ACTION NO.~~ MISC. 14-22 ERIE <br><br><br> CONFESSION OF JUDGMENT <br><br> ELECTRONICALLY-FILED |

**COMPLAINT FOR CONFESSION OF JUDGMENT FOR MONEY**

**A.    Introduction**

1.     Plaintiff Ontario Major Junior Hockey Corp. loaned millions to Bassin Hockey, Inc. ("BHI"), the repayment of which is guaranteed by Defendant Erie Hockey Club Limited ("Defendant" or "EHCL"), a wholly-owned subsidiary of BHI, that Defendant and BHI refuse to repay in violation of written contracts among Plaintiff, EHCL, BHI, and EHCL and BHI's principal, Sherwood Bassin ("Bassin").  Plaintiff's loans are evidenced by, *inter alia*, six Demand Promissory Notes[1] and secured by Defendant EHCL's guaranty, which includes a confession of judgment provision allowing this Court to immediately enter judgment against Defendant.  Because Defendant will not honor its express agreements and repay the loans, and is otherwise in default under the contracts, this Court must immediately enter judgment in favor of Plaintiff and against Defendant in the amount of $4,665,332.07, plus interest from November 11,

---

[1] Contemporaneous with the filing of this Complaint, Plaintiff is also confessing judgment against BHI pursuant identical confession of judgment provisions in the Demand Promissory Notes, the repayment of which is guaranteed by EHCL as described herein.

2014.

### B. Parties

2. Plaintiff Ontario Major Junior Hockey Corp. is a corporation incorporated under the laws of the Province of Ontario, Canada, with a principal place of business as set forth in the caption.

3. Defendant EHCL is a Pennsylvania limited liability company with a principal place of business as set forth in the caption. EHCL is a wholly-owned subsidiary of BHI.

### C. Jurisdiction and Venue

4. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and because this matter is between a citizen of Pennsylvania (*i.e.*, Defendant) and a citizen of a foreign state (*i.e.*, Plaintiff).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, *inter alia*, Defendant is deemed to reside in this district because is has sufficient contacts in this district such that it would be subject to personal jurisdiction if this district were a separate state. Alternatively, Defendant is deemed to reside in this district because it is the district within which it has the most significant contacts. Venue is also proper in this judicial district because Defendant irrevocably consented to the exclusive jurisdiction of this Court via the EHCL Guaranty and Master Agreement identified below.

## D.     Background

6.     Defendant EHCL owns and operates the Erie Otters minor league hockey franchise (the "Franchise") that participates in the Ontario Hockey League the ("OHL").

7.     In 2011 Defendant EHCL and BHI were unable to meet their financial obligations as they became due.  Plaintiff agreed to lend money to BHI to acquire all outstanding ownership interests in Defendant EHCL not then owed by BHI and to pay certain debts of Defendant EHCL.  Specifically, Plaintiff, Defendant, BHI and Bassin entered into that certain Master Agreement dated December 29, 2011, as amended on August 30, 2013 (the "Master Agreement"), a copy of which is **Exhibit A** hereto, pursuant to which Plaintiff loaned $4,211,796.00 to Defendant and BHI (the "Loan").

8.     The Loan is detailed in the Master Agreement and evidenced by six Demand Promissory Notes from BHI in favor of Plaintiff (each referred to as a "Note" and some or all collectively referred to as the "Notes"), copies of which are **Exhibit B** hereto.  The first Note in the principal amount of $3,500,000.00 is dated December 29, 2011 and evidences the "First Advance" identified in the Master Agreement.  The five other Notes, one dated December 29, 2011 in the principal amount of $145,585.00, two dated August 30, 2012 in the principal amounts of $203,763.00 and $53,660.00, one dated December 3, 2012 in the principal amount of $53,660.00 and one dated May 14, 2013 in the principal amount of $255,128.00, all evidence loans for "Subsidiary Operating Expenses" as identified in the Master Agreement.

9. All of the Notes provide for the repayment of their respective principal amounts, "together with compounding interest at a rate of 6% per annum, calculated monthly," on demand. Ex. B.

10. Defendant EHCL guaranteed the full repayment of all amounts due under the Notes pursuant to that certain Guaranty and Suretyship Agreement (the "EHCL Guaranty"), a copy of which is **Exhibit C** hereto. The Guaranty contains the following Confession of Judgment provision:

> <u>Confession of Judgment</u>. GUARANTOR HEREBY IRREVOCABLY AUTHORIZES ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR GUARANTOR AND CONFESS JUDGMENT THEREIN FOR THE AMOUNT FOR WHICH GUARANTOR MAY BE OR BECOME LIABLE TO LENDER UNDER THIS GUARANTY, WITH OR WITHOUT DEFAULT, AS EVIDENCED BY AN AFFIDAVIT SIGNED BY LENDER OR OF SUCH ASSIGNEE SETTING FORTH THE AMOUNT THEN DUE, PLUS ATTORNEYS' FEES IN THE AMOUNT OF FIVE PERCENT (5%) OF SUCH AMOUNT, WITH COSTS OF SUIT, AND RELEASE OF ERRORS. IF A COPY HEREOF, VERIFIED BY AFFIDAVIT, SHALL HAVE BEEN FILED IN SAID PROCEEDING, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL AS A WARRANT OF ATTORNEY. GUARANTOR WAIVES THE RIGHT TO ANY STAY OF EXECUTION AND THE BENEFIT OF ALL EXEMPTION LAWS NOW OR HEREAFTER IN EFFECT. EXECUTION MAY IMMEDIATELY BE ISSUED ON THE JUDGMENT, WITHOUT PRIOR NOTICE OR HEARING, TO GARNISH, LEVY OR ATTACH ANY PENDING PROPERTY OF GUARANTOR. NO SINGLE EXERCISE OF THE FOREGOING WARRANT AND POWER TO CONFESS JUDGMENT SHALL EXHAUST THE WARRANT, AND THE POWER SHALL CONTINUE UNDIMINISHED AND MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS LENDER SHALL ELECT, UNTIL ALL SUMS PAYABLE, OR THAT MAY BECOME PAYABLE, HAVE BEEN PAID IN FULL.

Ex. C at p. 7, ¶ 24.

11. The Master Agreement contemplates two loan advances from Plaintiff to BHI. The First Advance in the amount of $3,500,000 was subject to certain "conditions precedent." Ex. A at § 2. Plaintiff made the First Advance to BHI on December 29, 2011.

12. The "Second Advance" contemplated under the Master Agreement in the amount of $2,750,000.00 is contingent upon the same conditions precedent for the First Advance, as well as additional "Conditions Precedent to Second Advance." Ex. A at § 2.1, 2.5, 2.6. The conditions precedent to the second advance are:

 (a) the conditions precedent set forth in Section 2.5 have been satisfied;

 (b) the Borrower has applied for and received the approval of the OHL to relocate the Erie Otters to Hamilton, Ontario, Canada on terms and conditions acceptable to the Lender;

 (c) the Borrower has applied for and received the approval of the OHL to the transfer of ownership of the Erie Otters from the Subsidiary to the Lender on terms and conditions acceptable to the Lender; and

 (d) an agreement or commitment in writing shall have been obtained from the Landlord whereby it: (i) agrees to grant an exclusive first right of negotiation of a lease of Copps Coliseum to the Erie Otters or the successor entity thereto created on the relocation of the Erie Otters to Hamilton, Ontario, Canada under the ownership of the Lender, and (ii) sets forth the minimum material lease terms such as duration, renewal rights, rent payable, revenue distributions, and restrictions on use or transfer, that are acceptable to it, all of which shall be satisfactory to the Lender in its sole discretion. For greater clarification, it is the intention of the parties hereto that the lease terms set forth in the attached Schedule C shall comprise the minimum acceptable terms (and in the case of the monetary terms, shall comprise in the aggregate the minimum acceptable terms) that must appear in the lease agreement to be entered between the Landlord and the Lender.

Ex. A at § 2.6.

5

13. The Master Agreement also contemplates Plaintiff making advances defined as "Subsidiary Operating Expenses" after BHI properly requests same. Ex. A at § 5.1(a). Plaintiff has advanced $711,796.00 in Subsidiary Operating Expenses as evidenced by the December 29, 2011 Note in the principal amount of $145,585.00, the two August 30, 2012 Notes in the principal amounts of $203,763.00 and $53,660.00, the December 3, 2012 Note in the principal amount of $53,660.00, and the May 14, 2013 Note in the principal amount of $255,128.00.

14. Under the Master Agreement, if, *inter alia*, the conditions precedent to the Second Advance are not satisfied prior to June 30, 2013, Plaintiff:

> may make demand for repayment of the First Advance and any payment it has made of the Subsidiary's Operating Expenses, and on receipt of such demand, the Borrower and the Subsidiary shall forthwith take active steps to sell the equity or substantially all of the assets of the Subsidiary (a "Company Sale") for fair market value.

*Id*. at § 5.2(a).

15. BHI failed to satisfy the conditions precedent to the Second Advance prior to June 30, 2013 (or ever). Specifically, BHI did not apply for and receive the approval of the OHL to relocate the Franchise to Hamilton, Ontario, Canada and transfer ownership of the Franchise to Plaintiff on terms and conditions acceptable to Plaintiff.

16. On June 30, 2013, Plaintiff made written demand for repayment of the First Advance and Subsidiary's Operating Expenses pursuant to section 5.2(a) of the Master Agreement, a copy of which is **Exhibit D** hereto.

17. Pursuant to the express terms of the Master Agreement, upon receipt of the demand, Defendant and BHI were required to take active steps to sell the equity or substantially all of the assets of Defendant EHCL. Ex. A at § 5.2(a). Pursuant to the Master Agreement:

6

> If the Company Sale is not completed within 180 days of the date of the Lender's demand for repayment under Section 5.2(a), the Lender may take all such steps and exercise all such remedies as may be permitted under the Documents or by law or equity as it may deem necessary to protect and enforce its rights under the Documents and to enforce and realize upon all security held by the Lender.

*Id.* at § 5.2(d). Under the Master Agreement, Defendant EHCL and BHI had until December 26, 2013 to complete a Company Sale, otherwise Plaintiff "may take all such steps and exercise all such remedies as may be permitted under the Documents or by law or equity as it may deem necessary to protect and enforce its rights under the Documents and to enforce and realize upon all security held by the Lender." *Id.*

18. On December 9, 2013, Plaintiff sent Defendant EHCL, BHI and Bassin a written notice of defaults under the Master Agreement, a copy of which is **Exhibit E** hereto. The defaults identified in the notice include:

   i. Failing to provide Plaintiff with an annual operating budget for the business of Defendant EHCL for the 2013/14 hockey season prior to August 1, 2013 as required by section 4.1(d) of the Master Agreement;

   ii. Failing to provide Plaintiff with a set of monthly financial statements for Defendant BHI as required by section 4.1(d) of the Master Agreement;

   iii. Failing to provide Plaintiff with an acceptable set of monthly financial statements for Defendant EHCL within 30 days of the end of each respective month for the period of July to September 2013 as required by section 4.1(d) of the Master Agreement; and

   iv. Failing to provide Plaintiff with notice of the above listed defaults as required by section 4.1(j)(i) of the Master Agreement.

Ex. E. Following-up on its June 30, 2013 written demand requiring Defendant EHCL and BHI to sell the Franchise, Plaintiff also asked for "a written summary of your efforts to effect a sale to date and of the prospects of completing a sale in the near future. Please also provide us with copies of all material communication with prospective purchasers." Ex. E.

7

19. Because Defendant EHCL and BHI did not cure the defaults within 10 days of the December 9, 2013 letter, on December 20, 2013 Plaintiff sent Defendant EHCL, BHI and Bassin a Notice of Events of Default, a copy of which is **Exhibit F** hereto.

20. Because Defendant EHCL and BHI failed to complete a Company Sale or repay the amounts owed to Plaintiff, Plaintiff is expressly authorized to "take all such steps and exercise all such remedies as may be permitted under the Documents or by law or equity as it may deem necessary to protect and enforce its rights under the Documents and to enforce and realize upon all security held by the Lender," specifically including, but not limited to, confess judgment against Defendant under the Guaranty. Ex. A at § 5.2(d).

21. Defendant owes Plaintiff:

| | |
|---|---|
| Principal Amount: | $4,211,796.00 |
| Interest through November 6, 2014: | $231,377.40 |
| Attorneys' Fees of 5% of Amount Due: | $222,158.67 |
| **Total** | **$4,665,332.07** |

22. Plaintiff hereby exercises its rights under the Guaranty without waiver of, or prejudice to, any other rights and remedies which Plaintiff may choose to assert against Defendant and others for current and ongoing breaches or other conduct.

23. Judgment has not previously been entered on the Guaranty in this or in any other jurisdiction.

24. Plaintiff has not assigned any rights under the Guaranty.

25. The Guaranty is less than 20 years old.

26. Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

27. Judgment is demanded in favor of Plaintiff and against Defendant itemized as follows:

| | |
|---|---|
| Principal Amount: | $4,211,796.00 |
| Interest through November 6, 2014: | $231,377.40 |
| Attorneys' Fees of 5% of Amount Due: | $222,158.67 |
| **Total** | **$4,665,332.07** |

plus interest from November 7, 2014, additional attorneys' fees and costs from date of judgment until satisfaction, and with any other allowable fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $4,665,332.07, plus any additional allowable attorneys' fees and costs of suit, interest from the date of judgment at the annual rate of 6% compounded monthly, and such other and further relief in favor of Plaintiff that the Court deems warranted.

                                        Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
& SIEDZIKOWSKI, P.C.

                                        */s/ Brian R. Elias*
                                        BRIAN R. ELIAS
                                        Union Meeting Corporate Center V
                                        925 Harvest Drive, Suite 300
                                        Blue Bell, PA  19422
                                        (215) 977-1000

                                        Attorneys for Plaintiff